46 F.3d 1122
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brady BOYD, Petitioner,
v.
CLINCHFIELD COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1546.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1994.
Decided Jan. 12, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (93-1201-BLA).
 ARGUED: Kathleen Calvert Yeary, YEARY & ASSOCIATES, Abingdon, VA, for Petitioner. Timothy Ward Gresham, PENN, STUART, ESKRIDGE & JONES, Abingdon, VA, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brady Boyd was awarded black lung benefits in 1987 by the Administrative Law Judge (ALJ) principally on the basis of opinions of Dr. Vinod D. Modi. Dr. Modi, board certified in pulmonary medicine, had been Boyd's treating physician since 1979. At the hearing on Boyd's claim, Clinchfield Coal Company presented medical evidence contrary to Dr. Modi's.
 
 
 2
 On review of the ALJ's decision, the Benefits Review Board vacated the award and remanded the case to the ALJ to weigh properly the evidence offered by Clinchfield Coal which the ALJ failed to address, particularly the opinions of two doctors who had disagreed with Dr. Modi's opinions.
 
 
 3
 On remand, the ALJ who originally heard the case was no longer available, and the parties stipulated to rehearing the case on the existing record before another ALJ. The ALJ assigned the case then entered an order, sua sponte, requiring Boyd to show cause why Dr. Modi's opinions should not be "discredited" because Dr. Modi had admitted to defrauding the Black Lung Program. In 1988, Dr. Modi had pled guilty to a charge of tax evasion based on illegal income derived from submitting to the Labor Department phony claims for oxygen equipment which he prescribed for black lung beneficiaries who did not need such treatment. The ALJ took judicial notice of the conviction. In response to the show cause order, Boyd noted that Dr. Modi had been relicensed in Virginia and was again practicing medicine. He also offered a corroborating medical opinion of Dr. J.P. Sutherland, Jr. Clinchfield Coal urged disqualification of Dr. Modi, presenting further evidence of fraud developed against Dr. Modi before Virginia licensing authorities. The company also objected to Dr. Sutherland's report because it was beyond the stipulation to rehear Boyd's claim on the existing record.
 
 
 4
 The ALJ reviewed the claim on the existing record, refusing to reopen the record for entry of Dr. Sutherland's medical opinion. In considering the evidence, the ALJ afforded "no weight" to Dr. Modi's opinions because of his prior fraud. See also Adams v. Canada Coal Co., No. 91-3706 (6th Cir. July 13, 1992) (unpublished) (concluding that the ALJ "was obviously justified" in not crediting the testimony of Dr. Modi because of his fraud conviction). Giving Dr. Modi's opinions zero weight, the ALJ ruled that the remaining evidence in the record was insufficient to support an award for black lung benefits. The ALJ, however, notified Boyd of his right to request a modification from the deputy commissioner pursuant to 33 U.S.C. Sec. 922 and 20 C.F.R. Sec. 725.310. On appeal to the Benefits Review Board, the Board affirmed the ALJ's decision, noting that Boyd had been advised of his right to request a modification.
 
 
 5
 Boyd now contends that the ALJ erred in taking judicial notice of Dr. Modi's conviction; in reopening the record to consider the conviction; in giving no weight to Dr. Modi's opinions; and in refusing to consider Dr. Sutherland's opinion.
 
 
 6
 We reject Boyd's arguments and affirm the decision of the Board. The ALJ was well within his discretion to take judicial notice of Dr. Modi's conviction as the judgment of another court. See 29 C.F.R. Sec. 18.201. In considering this adjudicative fact, however, the ALJ did not need to reopen the record, thus mooting Boyd's second objection. We also conclude that the ALJ did not abuse his discretion in giving no weight to Dr. Modi's opinion based on Dr. Modi's prior acts of fraud against the Black Lung Program. Finally, it was not error for the ALJ to reject Dr. Sutherland's opinion when the parties had stipulated to present the case before the ALJ on the existing record.
 
 
 7
 We note that both parties expressed the belief that Boyd still has available to him a right to seek a request for modification pursuant to 33 U.S.C. Sec. 922 and the applicable regulations.
 
 
 8
 For the foregoing reasons, the order of the Benefits Review Board is affirmed.
 
 
 9
 AFFIRMED.